# UNITED STATES DISTRICT COURT
## Eastern District of Michigan

UNITED STATES OF AMERICA

### V.

CALVIN JONES
_____
*Defendant*

### ORDER OF DETENTION PENDING TRIAL

Case Number: 10-20568-2

In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), a detention hearing has been held. I conclude that the following facts require the detention of the defendant pending trial in this case.

### Part I—Findings of Fact

☐ (1) The defendant is charged with an offense described in 18 U.S.C. § 3142(f)(1) and has been convicted of a ☐ federal offense ☐ state or local offense that would have been a federal offense if a circumstance giving rise to federal jurisdiction had existed - that is
- ☐ a crime of violence as defined in 18 U.S.C. § 3156(a)(4).
- ☐ an offense for which the maximum sentence is life imprisonment or death.
- ☐ an offense for which a maximum term of imprisonment of ten years or more is prescribed in

_____ .*

- ☐ a felony that was committed after the defendant had been convicted of two or more prior federal offenses described in 18 U.S.C. § 3142(f)(1)(A)-(C), or comparable state or local offenses.

☐ (2) The offense described in finding (1) was committed while the defendant was on release pending trial for a federal, state or local offense.

☐ (3) A period of not more than five years has elapsed since the ☐ date of conviction ☐ release of the defendant from imprisonment for the offense described in finding (1).

☐ (4) Findings Nos. (1), (2) and (3) establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of (an) other person(s) and the community. I further find that the defendant has not rebutted this presumption.

### Alternative Findings (A)

☐ (1) There is probable cause to believe that the defendant has committed an offense
- ☐ for which a maximum term of imprisonment of ten years or more is prescribed in _____ .
- ☐ under 18 U.S.C. § 924(c).

☐ (2) The defendant has not rebutted the presumption established by finding 1 that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

### Alternative Findings (B)

☑ (1) There is a serious risk that the defendant will not appear.

☑ (2) There is a serious risk that the defendant will endanger the safety of another person or the community.

### Part II—Written Statement of Reasons for Detention

I find that the credible testimony and information submitted at the hearing establishes by ☑ clear and convincing evidence ☐ a preponderance of the evidence that

This is a presumption case. Defendant is charged by way of indictment with Malicious Use of Fire. It is alleged that on August 13, 2010 Samson Wright and Calvin Jones together maliciously destroyed by means of fire the business building known as Metro PCS located at 13147 East Jefferson and Drexel streets in the city of Detroit. Seven firefighters were critically injured while trying to extinguish the blaze. (CONTINUE ON PAGE 2)

### Part III—Directions Regarding Detention

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States marshal for the purpose of an appearance in connection with a court proceeding.

October 12, 2010
_____
Date

s/ Mona K. Majzoub
_____
*Signature of Judge*

MONA K. MAJZOUB - UNITED STATES MAGISTRATE JUDGE
_____
*Name and Title of Judge*

*Insert as applicable: (a) Controlled Substances Act (21 U.S.C. § 801 *et seq.*); (b) Controlled Substances Import and Export Act (21 U.S.C. § 951 *et seq.*); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. § 955a).

The case agent testified at the detention hearing that ATF investigators have concluded that the fire as caused by arson, was deliberately set, and was assisted by the use of an accelerant (gasoline). The case agent further testified that Samson Wright was determined to be one of the individuals involved in setting the fire. Samson Wright was interviewed on August 20, 2010 and during his interview confessed his involvement and also identified Calvin Jones as participating in the arson with him. Other details of Calvin Jones' story were corroborated, such as his statement that Jones and Wright went to a gas station at about 5:25 a.m. (15 minutes after the fire was started) to buy some food, which a video tape proved to be true.

When Calvin Jones was interviewed by the ATF he gave a statement about his whereabouts during the early morning hours of August 13, 2010 that proved to be unsupportable. There was physical evidence seized from the home of Calvin Jones which has the potential to be incriminating: a gasoline can and a funnel.

Defendant has no assets and lives in the family home where his late parents used to live. He pays $200 in utilities and $100 for his use of a telephone on a monthly basis, and $300 for taxes every three months. He is self - employed, working odd jobs as an auto mechanic, and claims to earn $2500 monthly.

Defendant admits to a life long history of crack cocaine and marijuana use. He claims to use both drugs every other day and also drinks alcohol daily. He feels his drug and alcohol usage is under control. Defendant has never attended an inpatient drug treatment program, but disclosed just before he was arrested on the instant charges that he was considering inpatient treatment for his drug usage. Defendant's "godfather" (family friend) stated to Pretrial Services that

Defendant has had a crack cocaine addiction for a long time and although the family tried to place him in a drug treatment program Defendant still continues to use on a regular basis.

Defendant's criminal history includes 7 outstanding misdemeanor warrants for failures to appear. More disturbing is the fact that he has violated every term of probation to which he has been assigned, save one, on multiple occasions, resulting in his continued probation or incarceration in every situation. All tolled, Defendant has violated his probation no less than 8 times, resulting in warrants being issued, probation being extended, or incarcerationl

Defendant's older sister was in the courtroom and offered herself as a third party custodian. Given the Defendant's addiction to drugs, his history of violating the conditions of his probation on no less than eight occasions, his seven outstanding warrants, his criminal history as reported in the Pretrial Services Report, and his seeming inability to comply with orders of the court, third party supervision would not be appropriate.

Defendant failed to proffer evidence sufficient to rebut the presumption. This Court finds that clear and convincing evidence has established that Defendant poses a danger to the community and that there is no condition or combination of conditions that would reasonably assure the safety of the community or defendant's appearance in court, that Defendant poses a flight risk based upon the number of outstanding warrants for failure to appear in court, and therefore Detention is Ordered.