UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

Case No. 10-20568

Hon. John Corbett O'Meara

D-2 CALVIN RAYMOND JONES,

    Defendant.

_____/

**ORDER GRANTING IN PART THE GOVERNMENT'S
MOTION IN LIMINE TO PRECLUDE DURESS DEFENSE**

    Before the court is the government's motion in limine to preclude Defendant's anticipated duress defense, filed June 6, 2011. Defendant Calvin Jones, along with co-defendant Samson Wright, has been charged with the malicious use of fire, in violation of 18 U.S.C. § 844(I). On August 13, 2010, Wright and Jones allegedly intentionally started a fire at a Metro PCS store, which injured several firefighters. Although Jones denied knowledge of the fire in two interviews with law enforcement, he subsequently claimed that Wright coerced him into helping start the fire. Jones contends that Wright allegedly offered to forgive a debt owed by Jones and to pay him additional money if Jones would assist Wright in starting the fire. After Jones initially refused, Wright allegedly pulled out a gun and threatened to shoot him. Jones refused a second time, after which Wright allegedly obtained a five-gallon can of gasoline from across the street and poured the contents out along the side of Jones's home. At that point, Jones agreed to help burn down the Metro PCS store.

    In support of his duress defense, Jones intends to call several witnesses who, according to

the government, will testify to a series of incidents, some involving assaultive conduct by Wright. The government contends that these incidents are unrelated to the August 13, 2010 fire and do not support elements of a duress defense as set forth in United States v. Johnson, 416 F.3d 464, 468 (6th Cir. 2005). The government further argues that these incidents are primarily other "crimes, wrongs, or acts" committed by Wright that are not admissible to "prove the character of a person in order to show action in conformity therewith." Fed. R. Evid. 404(b).

To the extent Defendant intends to call witnesses to testify about Wright's bad acts that are removed from the time and place of the fire on August 13, 2010, particularly where such witnesses do not have personal knowledge of Jones being threatened, the court is inclined to agree that Defendant's proposed duress evidence is not admissible pursuant to Fed. R. Evid. 404(b). This ruling does not preclude Defendant from attempting to make a showing at trial that there was duress at the specific time and place the alleged crime was committed. See Johnson, 416 F.3d at 468 (elements of duress defense include that "defendant was under an unlawful and present, imminent, and impending threat of such as nature as to induce a well-grounded apprehension of death or serious bodily injury"). However, the court anticipates that this ruling will significantly reduce the number of witnesses that Defendant will be permitted to call.

Accordingly, IT IS HEREBY ORDERED that the government's motion in limine to preclude duress defense is GRANTED IN PART, consistent with this order.

s/John Corbett O'Meara  
United States District Judge

Date: June 14, 2011

    I hereby certify that a copy of the foregoing document was served upon counsel of record on this date, June 14, 2011, using the ECF system.

                                                s/William Barkholz
                                                Case Manager