UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


FILED
AUG 13 2014
CLERK'S OFFICE
U.S. DISTRICT COURT
EASTERN MICHIGAN

UNITED STATES OF AMERICA,
          Plaintiff,

V

D-2 CALVIN RAYMOND JONES
          Defendant.
_____/

Criminal No. 10-20568-2
Hon.: John Corbett O'Meara

### ORDER GRANTING EX PARTE APPLICATION NUMBER TWO DIRECTING THE U.S. MARSHAL TO SERVE SUBPOENAS AND FOR PAYMENT OF WITNESS FEES BY DEPARTMENT OF JUSTICE

This matter came on to be heard upon the ex parte application of Attorney Sidney Kraizman on behalf of the defendant Calvin Jones, and the court being advised in the premises.

1.    **IT IS HEREBY ORDERED** that the United States Marshal serve subpoenas on the following listed witnesses:

    i. Nehemiah Hagwood, Redacted _____ Toledo Ohio, 43604
    ii. Meredith Hubbard, Redacted _____, Detroit, MI 48207
    iii. Clifford Ellis, Redacted _____ Detroit, MI 48205.
    iv. Samson Wright, Milan Detention, Milan, MI

**IT IS FURTHER ORDERED** that the witness fees for attendance at trial and mileage or transportation costs shall be paid by the Department of Justice pursuant to Federal Rule of Criminal Procedure 17(b) and 28 U.S.C. §1825.

Dated: 8-13-14

_____
United States District Court Judge
MATTHEW F. LEITMAN
Presiding Judge in the absence of Judge O'Meara

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

                Plaintiff,         Criminal No. 10-20568-2
V                                              Hon.: John Corbett O'Meara

D-2 CALVIN RAYMOND JONES

                Defendant.
_____/

## EX PARTE MOTION (SECOND) FOR ORDER DIRECTING THE U.S. MARSHAL TO SERVE SUBPOENAS AND COMBINED BRIEF

NOW COMES the Defendant Calvin Raymond Jones, by and through his attorney Sidney Kraizman, and hereby moves this Honorable Court pursuant to Federal Rule of Criminal Procedure 17(b) and 28 U.S.C. §1825(a) that the United States Marshal serve subpoenas on the 4 witnesses named in this motion (Nehemiah Hagwood at paragraph 5-7, Samson Wright at paragraph 8, Meredith Hubbard at paragraph 9, and Clifford Ellis at paragraph 10), and that witness fees for attendance at trial and any mileage or transportation costs be paid by the Department of Justice, and says that:

    1.    The defendant Calvin Raymond Jones is charged in the First Superseding Indictment with a violation of 18 U.S.C. §844(i) Malicious Use

1

of Fire, damaging the business known as Metro PCS located at 13147 E. Jefferson in Detroit on August 13, 2010.  It is further charged that personal injury resulted to one or more public safety officers.

2. The defendant Calvin Jones cites *Federal Rule of Criminal Procedure 17(b) Subpoena-Defendant Unable to Pay* "Upon a defendant's ex parte application, the court must order that a subpoena be issued for a named witness if the defendant shows an inability to pay the witness's fees and the necessity of the witness's presence for an adequate defense.  If the court orders a subpoena to be issued, the process costs and witness fees will be paid in the same manner as those paid for witnesses the government subpoenas." The CJA Handbook published in 2009 by the Federal Defender Office, Detroit, explains as follows. " Witness fees, travel costs, and expenses for service of process on fact witnesses, are paid by the Department of Justice….Please note, all service of subpoenas for CJA cases must be processed through the U.S. Marshal;"

3. The defendant Calvin Jones is indigent, represented by court appointed Criminal Justice Act (CJA) panel attorney, Sidney Kraizman, and the defendant Calvin Jones is unable to pay the fees to serve witnesses and is unable to pay the witnesses' fees.

4. The presence and testimony at trial of the 3 defense witnesses listed in this motion are necessary to provide the defendant Calvin Jones with an adequate defense.

5. The listed witness *Nehemiah Hagwood* would testify that he was detained at Milan Detention along with Samson Wright. Mr. Hagwood would testify that Samson Wright told him about how he set the fire at Metro PCS and that Mr. Wright said that he threatened Defendant Calvin Wright with a pistol and with a gas can to burn down his house. If Mr. Wright is again called as a witness by the government, this testimony of Mr. Hagwood would be admissible as a prior inconsistent statement.

6. If Mr. Wright is not available as a witness by reason of the fact that he exercises his right to remain against self- incrimination, then the testimony of Mr. Hagwood would be admissible under Federal Rule of Evidence 804(b)(3) as a Statement Against Interest and under the Due Process provision of the Constitution of the United States. As to the Due Process issue please see *Chambers v. Mississippi*, 410 U.S. 284, 300-301 (1973). In *U.S. v Tocoo*, 200 F.3d 401, 415, 416 (6th Cir. 2000) the court held that there was a statement against interest that was admissible in evidence where it was made by a declarant to his son, as to the activities of the declarant in the conspiracy, and also **others,** including "Tocco's role in

3

the Costa Nostra organization." The court placed a heavy emphasis on the fact that this statement was not made to curry favor with the government. The court in *Tocco* stated at 200 F.3d 416: "See *Bruton v Phillips*, 64 F. Supp. 2d 669, 680 (E.D. Mich. 1999) (reasoning that statements made to a perceived ally rather than to police officers during an interrogation are trustworthy, citing *Latine v Mann*, 25 F.3d 1162, 1166-67 (2nd Cir. 1994)."

7.   The court in *Bruton v Phillips*, supra, pointed out at 64 F. Supp. 680: "The advisory committee notes to Fed. R. Evid. 804(b) (3) provide, in pertinent part: 'whether a statement is in fact against interest must be determined from the circumstances of each case. Thus a statement admitting guilt and implicating another person, made while in custody, may well be motivated by a desire to curry favor with the authorities and hence fail to qualify as against interest....On the other hand, the same words spoken under different circumstances, e.g., to an acquaintance, would have no difficulty in qualifying.'"

8.   The listed witness Samson Wright is a Co-Defendant, and his trial date is November 12, 2014. The Defendant Calvin Jones seeks to call him as a witness as to his defense of duress/coercion. Present counsel recognizes that Co-Defendant Wright may well assert his Fifth Amendment right to remain silent.

4

9. The listed witness *Meredith Hubbard*, would testify in support of the anticipated defense of the Defendant Jones of duress/coercion in that in the summer of 2010 Samson Wright threatened to get his gun and shoot Mr. Hubbard's dog and burn down Mr. Hubbard's home on Coplin, and then Mr. Wright came back with a gun. In a second incident in the summer of 2010 Samson Wright hit Mr. Hubbard in the face with a hammer. (DOC #67, 6/22/2011 Amended Motion for Reconsideration as to June 14, 2011 Order Granting in Part the Government's Motion in Limine, at pp. 4,9,12-13.) Mr. Hubbard would also testify as to the reputation of Samson Wright as to violence.

10. The listed witness *Clifford Ellis* would testify in support of the anticipated defense of the Defendant Jones of duress/coercion in that in Mr. Wright shot Clifford Ellis in the buttocks on Ashland St. in Detroit about 2009; on 3-25-2010 Samson Wright hit Clifford Ellis on the head with a baseball bat over money that Mr. Wright claimed was owed by Mr. Ellis. (DOC #67, 6/22/2011 Amended Motion for Reconsideration as to June 14, 2011 Order Granting in Part the Government's Motion in Limine, at pp.4,9, 12-13) Mr. Hubbard would also testify as to the reputation of Samson Wright as to violence.

11. The Defendant Calvin Jones knew of these incidents at the time that Mr. Calvin Jones says that he was coerced by Mr. Wright into assisting in the Metro PCS fire.

12. It is requested that subpoenas be ordered served by the U.S. Marshal as to the following listed witnesses:

i) Nehemiah Hagwood, Redacted____, Toledo Ohio, 43604

ii) Samson Wright, Milan Detention Center, Milan, MI

iii) Meredith Hubbard, Redacted _____, Detroit, MI 48207.

iv) Clifford Ellis, Redacted _____ Detroit, MI 48205.

WHEREFORE, the defendant Calvin Jones, requests that this Honorable Court enter an order that the U.S. Marshal serve these named witnesses and that witness fees for attendance at trial and any mileage or transportation costs be paid by the Department of Justice.

Respectfully submitted,

/s/ Sidney Kraizman, Esq.
Sidney Kraizman (P16199)
Attorney for Defendant
615 Griswold, 1616 Ford Building
Detroit, Michigan 48226
(313) 961-7078
sidkraizman@sbcglobal.net

Dated: August 13, 2014

6